UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**BANDELE M. JONES,**

    **Petitioner,**

v.                              Case No. 2:95-cr-00051
                                 Case No. 2:10-cv-00130

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

## PROCEDURAL HISTORY

    Bandele M. Jones is serving a 360 month period of imprisonment, to be followed by a five year term of supervised release, upon his conviction by a jury on one count of conspiracy to knowingly and intentionally distribute and possess with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1) and 846 (Count One), one count of aiding and abetting the possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three), one count of aiding and abetting travel in interstate commerce to facilitate an unlawful activity, in violation of 18 U.S.C. § 1952(a)(3) and 18 U.S.C. § 2 (Count Four), and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Five).  The District Court also imposed a fine of $18,000 and a special assessment of $200.  <u>United</u>

States v. Jones, No. 2:95-cr-00051-01 (Judgment in a Criminal Case, entered on September 19, 1995, # 55).

Defendant's direct appeal was unsuccessful. United States v. Jones, No. 95-5766, 106 F.3d 393, 1997 WL 51707 (4th Cir., Feb. 10, 1997). (# 111).

On January 2, 2002, Petitioner filed a motion under 28 U.S.C. § 2255 (# 150), which was denied as being untimely by Judgment Order entered on February 6, 2002 (# 159). The Fourth Circuit dismissed Movant's appeal on May 28, 2002. United States v. Jones, No. 02-6352, 35 Fed. Appx. 379 (4th Cir., May 28, 2002). (# 174). Rehearing en banc was also denied (# 177). The Fourth Circuit also denied Petitioner's motion pursuant to 28 U.S.C. § 2244 for authorization to file a second or successive section 2255 motion. (# 183).

Petitioner subsequently filed a motion for modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which was denied by Memorandum Opinion and Order entered on September 2, 2008. (# 203). His motion for reconsideration was denied on November 12, 2008. (# 205). Movant's appeal from the denial of his motion for modification was dismissed for failure to prosecute. United States v. Jones, No. 08-8545 (4th Cir., Feb. 8, 2009). (# 217).

## **WRIT OF AUDITA QUERELA**

Pending before the court is Petitioner's latest effort to attack his conviction and sentence, a petition for writ of *audita querela*, filed pursuant to 28 U.S.C. § 1651, on February 8, 2010 (# 229). "At common law, the writ of *audita querela* permitted a judgment debtor to obtain equitable relief from a legal judgment because of some defense or discharge arising after the entry of judgment." United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001)(per curiam)(citation omitted). Subsequently, Rule 60(b) of the Federal Rules of Civil Procedure abolished *audita querela* in civil cases. However, in United States v. Morgan, 246 U.S. 502 (1954), the Supreme Court found that common law writs potentially survive in the criminal context pursuant to the All Writs Act, 28 U.S.C. § 1651. To the extent that the writ of *audita querela* survives, however, it is only to "fill the gaps" in the present system of federal post-conviction relief. See Valdez-Pacheco, 237 F.3d at 1079; see also Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997).

## **PETITIONER'S ASSERTIONS**

Petitioner's petition argues that *audita querela* relief should be granted to him because he was sentenced under the mandatory scheme of the United States Sentencing Guidelines, and further asserts that the change in the law following Jones v. United States, 526 U.S. 227 (1999), Apprendi v. United States, 530 U.S.

466 (2000), <u>Blakely v. Washington</u>, 124 S. Ct. 738 (2005), and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), making the Guidelines advisory, and holding that the facts supporting a sentencing enhancement must either be admitted by the defendant or found by a jury to have been proven beyond a reasonable doubt, represents a "newly existing legal defense" and that "[n]one of the these rights, and subsequently, none of the Petitioner's claims are cognizable under any other existing scheme of the Federal post-conviction remedies." (# 229 at 1-2).

It should be immediately noted that the Supreme Court did not make the <u>Booker</u> holding retroactive and, thus, the relief provided under <u>Booker</u> is not available to prisoners who seek such relief through a collateral attack on their sentences. Petitioner was sentenced well before the <u>Booker</u> decision was issued and had already unsuccessfully collaterally attacked his sentence through a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Accordingly, under the AEDPA, Petitioner is prohibited from filing a second or successive section 2255 motion, without first receiving authorization to do so from the United States Court of Appeals for the Fourth Circuit under the parameters set forth in 28 U.S.C. § 2244(b), which Petitioner has not been authorized to do. Thus, Petitioner cannot presently obtain the relief he is seeking in a section 2255 motion.

Petitioner's petition states in pertinent part:

> The Writ of Audita Querela is available in a federal criminal case to obtain relief against the consequences of a prior judgment, and where refusal to grant such relief would strip the petitioner of access to newly created rights to which he or she would otherwise be clearly entitled to by operation of law. See United States v. Holder, 741 F. Supp. 27 (Dist. P.R.).
>
> Failure to allow review of Petitioner's claim by invoking the substantial procedural barrier to section 2255 would "raise serious constitutional questions." As a rule [of] law, it is taken for granted that the court must "construe a federal statute to avoid constitutional questions where such a construction is reasonably possible." See Arnett v. Kennedy, 466 U.S. 134, 162 (1974); also see, Cheek v. United States, 498 U.S. 192, 203 (1991)l and Johnson v. Robinson, 415 U.S. 361, 366-67 (1974).
>
> In the case at bar, the court would violate just that principle if it were to deny the established purpose of the Writ of Audita Querela. That is if it were to construe or consider the Petitioner's motion as a second or successive §2255, in essence and as a matter of law, the Court would have decided that the Anti-Terrorist [sic; Anti-Terrorism] and Effective Death Penalty Act (AEDPA) is unconstitutional, as it would deny the Petitioner a judicial forum when the Petitioner claims [,] on record, an entitlement as a matter of law to a newly created right.

(Id. at 8-9).

Petitioner seeks "the correction of the judgment reflecting the adjusted term of imprisonment and supervised release, after neither admitted by the Defendant or found by a jury to be true beyond a reasonable doubt" and "to have the option to be re-sentenced under the now advisory guidelines, applicable under the standard of reasonableness review." (Id. at 22-23).

On May 3, 2010, Petitioner filed a "Petition to Amend" (# 234), in which he supplements his petition with additional legal authority and argument. The Petition to Amend states:

> Since the time of [Petitioner's] sentencing, there have been several major developments in the law that apply [to] sentencing offenders in cases involving crack cocaine. In 2005, the Supreme Court instructed district courts to read the Guidelines as "effectively advisory" as part of its remedial opinion in BOOKER. United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). In November 2007, an amendment to the Guidelines became effective that reduced the base offense levels applicable to crack cocaine offenses by two levels ("Amendment 706"). See Sentencing Guidelines for United States Courts, 72 Fed. Reg. 28571-28572 (May 21, 2007)(submission to Congress concerning amendments effective November 1, 2007). In Kimbrough, the Supreme Court held in Booker, the Guidelines for crack cocaine offenses, like all other sentencing, Guidelines are advisory only. KIMBROUGH, 128 S. Ct. at 558. Even after the 2007 amendment, "the Guidelines now advance a crack/powder ratio that varies (at different offense levels) between 25 to 1 and 80 to 1. [Id. at 573]. See also United States Sentencing Commission, Guidelines Manual §2D1.1 (Nov. 2008) ("USSG") (providing the same base offense level for 400 to 500 grams of powder cocaine to 5 to 20 grams of crack, for instance. On December 11, 2007[,] one day after Kimbrough was decided[,] the Sentencing Commission voted to make Amendment 706 retroactive, effective March 3, 2008. See USSG app. C, amend. 711 (supp. 2007) & amend. 713 (supp. 2008).

(# 234 at 1-2). The undersigned granted the motion to amend by separate order.

To the extent that Petitioner is seeking the two level reduction in his Guideline level under Amendment 706 to the crack cocaine guidelines, Congress vested the district courts with discretion to grant a sentence reduction to a defendant based upon certain factors. Section 3582(c)(2) of Title 18 of the United

States Code provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3682(c)(2). The factors set forth in section 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed, which includes consideration of the seriousness of the offense, the need to protect the public, to promote deterrence of the conduct, and to rehabilitate the defendant; (3) the kinds of sentences available; (4) the sentencing range established by the Sentencing Guidelines and statutory law; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparity; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Petitioner filed a motion under 18 U.S.C. § 3582(c) to receive the two-level reduction under Amendment 706 and the presiding District Judge denied the motion. Thus, Petitioner is foreclosed from receiving that relief in this proceeding.

On January 18, 2008, the United States District Court for the Western District of Washington issued an unpublished decision in

the case of <u>Kessack v. United States</u>, No. C05-1828Z, 2008 WL 189679 (W.D. Wash., Jan. 18, 2008). In <u>Kessack</u>, the petitioner filed a petition for a writ of *audita querela* similar to Petitioner herein, after having filed at least one unsuccessful collateral attack on his criminal judgment. Kessack made arguments substantially similar to Petitioner's, based upon the <u>Booker</u> decision. Judge Zilly of the U.S. District Court for the Western District of Washington granted the writ and re-sentenced defendant Kessack, whose original, mandatory Guideline sentence of thirty years was deemed to be "a grave injustice." The following is Judge Zilly's summary of the parties' arguments and his ruling, taken from the <u>Kessack</u> decision:

> Petitioner contends, in substance, that the Writ of *Audita Querela* remains available because <u>Booker</u> is not retroactive. The Government responds that the Ninth Circuit in <u>Carrington v. United States</u> has "already rejected precisely this claim." U.S. Resp., docket no. 22, at 6. However, the petitioners in Carrington did not proffer "any evidence that they were uniquely impacted by the Guidelines or that there are any inequities that distinguish them from other defendants sentenced before <u>Booker</u>." <u>Carrington</u>, 503 F.3d at 893. The Ninth Circuit in <u>Carrington</u> expressly recognized that relief could be "available in a particular case upon a showing of truly extraordinary circumstances and equities." <u>Id.</u> Mr. Kessack's case presents truly extraordinary circumstances and the equities presented are unique to this defendant.

<u>Id.</u> at *5. Judge Zilly went on to find that Kessack had received a sentence that was at least 20 years longer than any of his co-defendants, and that such a sentence was "grossly disproportionate to the offense." <u>Id.</u> Judge Zilly further addressed Kessack's

8

claim as follows:

> [United States v. Morgan, 346 U.S. 502, 510, 74 S. Ct. 247, 98 L. Ed.2d 248 (1954)] teaches "'that federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law.'" [Citations omitted] . . . This Court relies on United States v. Morgan to hold that Mr. Kessack's exhaustion of his statutory rights under 28 U.S.C. § 2255 does not bar his Petition for Writ of *Audita Querela*. The Court declines to construe Mr. Kessack's Petition as a Section 2255 motion. Under United States v. Morgan, the Court concludes that: (1) Mr. Kessack has sound reasons for failing to seek earlier relief under 28 U.S.C. § 2255, primarily the fact that Booker announced a new rule of constitutional law in 2005, (2) truly extraordinary circumstances and equities are presented that distinguish Mr. Kessack from other defendants sentenced prior to Booker, and (3) re-sentencing Mr. Kessack under the now-advisory Federal Sentencing Guidelines is necessary to achieve fundamental justice. Mr. Kessack was deprived of due process and a right to a jury trial when he was sentenced to 30 years in prison based upon a mandatory Guidelines sentencing system in which findings of fact made by a judge, on a preponderance of evidence standard, and not a jury, substantially increased the maximum sentence.

Id.

Petitioner urges the court to follow Judge Zilly's example, and grant Petitioner the same relief. Petitioner's Petition to Amend (hereinafter "Supplement") states:

> [Petitioner's] case [is] identical to the KESSACK decision[.] [H]ere the records will reflect that [Petitioner's] co-conspirators received a far less sentence by more than 20 years difference, one receiving a 3 year sentence and the other a 7 year sentence, while [Petitioner] remains in prison with a 30 year sentence. See, sentencing transcript at P. 7. Where [Petitioner's] trial counsel with great vehemence and compassion at the time expressed the need for a lower sentence due to the invoked disparate sentence between [Petitioner] and his Co-defendants as well as the disproportionality between powder and crack cocaine. Again see S. Transcript, p.

14, and 15.

> [Petitioner's] sentence at the time was a mandatory minimum under the statute of 10 years and a maximum of life. And under the Guidelines at the levels that were involved under either level 40 or 42 exposing him to 30 years to life imprisonment. St. at 16. The Court imposed a two point enhancement which placed [Petitioner] at a level 42, allegedly involving trading of a weapon (see p. 12 of PSI where the Sentencing Court adopted the PSIR holdings. The Sentencing Court also expressed a concern to uphold his position that the two co-defendants were credible enough to accept the statements in relation with the trade of weapons for drugs. S. transcript at P.P.P. 9, 11, 12. Furthermore, the records at P. 14 of S.T. that the Court took note of several drugs being involved, in upholding his decision, acknowledge the Sentencing Commission's ability or capacity to promulgate guidelines.

Petitioner then urges the court to consider numerous factors upon which he believes his sentence to be inequitable and unconstitutional, including the disparity between crack and powder cocaine sentences, and the application of a two-point enhancement for use of a gun in a drug trafficking offense. (_Id._ at 3-9). Petitioner's prayer for relief in the Supplement the states:

> Wherefore, premises considered, Petitioner prays that this Honorable Court adjust Petitioner's sentencing guideline range downward to bring it into compliance with the Amendments promulgated by the U.S. Sentencing Commission and any relevant case law related to the sentencing guidelines for crack cocaine related offenses, while also keeping it within the parameters of Booker ruling. Continuing, the Court is urged to fully consider all relevant factors submitted, and issue an adequate, but fair sentence which imposes the minimum punishment needed to satisfy the purposes of sentencing, which include 1) just punishment, 2) deterrence, 3) protection of the public and 4) rehabilitation of the Petitioner.

(# 234 at 9). The _Kessack_ decision is not binding precedent.

Moreover, district courts within the Fourth Circuit facing similar petitions since Kessack was decided have all declined to follow Jude Zilly's reasoning on the availability of relief through a writ of *audita querela*, and those decisions have been upheld on appeal. See, *e.g.*, United States v. McRae, No. 09-7881, 2009 WL 5185761 (4th Cir., Dec. 31, 2009), and United States v. Hairston, No. 09-6683, 343 Fed. Appx. 865 (4th Cir., Sept. 14, 2009). The underlying District Court decision in Hairston has a good discussion on why a writ of *audita querela* is not the proper remedy concerning Petitioner's claim for Booker relief:

> In his Report and Recommendations, Magistrate Judge Joel found that the defendant is barred from consideration of his Booker claim pursuant to another motion to vacate under 28 U.S.C. § 2255 because Booker is not retroactive to cases on collateral review and because of § 2255's limitation on successive petitions. He reasoned that because the defendant cannot, at this time, successfully raise his claim in an appropriate manner, that does not mean there is a "gap" in the current system of federal post-conviction relief. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007)(the statutory limits on successive habeas petitions does not create a "gap" in the post-conviction landscape that can be filled with common law writs); Valdez-Pacheco, 237 F.3d 1080, citing with approval in In re Watkins, No. 06-07807, 2007 WL 1041035 (4th Cir. 2007)(unpublished)("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by common law writs.") Magistrate Judge Joel further stated that to find otherwise would be nonsensical. Every prisoner currently limited by the rules of retroactivity and the restrictions of § 2255 would simply be able to by-pass those limitations merely by filing a writ of *audita querela* and those limitations would have no meaning. Such action would fly in the face of the express intent of Congress in enacting the [AEDPA] that limits the

rights of prisoners to file § 2255 motions. 2009 WL 891929 *2. Other Circuit Courts have found similarly. See, *e.g.*, Doe v. INS, 120 F.3d at 203; In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998)(concluding that if the AEDPA foreclosed the use of section 2255 and 2241 petitions by federal prisoners, "it would be senseless to suppose that Congress permitted [federal prisoners] to pass through the closed door [by way of the All Writs Act] simply by changing the number 2241 to 1651 on their motions.")

The undersigned proposes that the presiding District Judge **FIND** that the writ of *audita querela* is not available to Petitioner. The Supreme Court has not rendered Booker retroactively applicable on collateral review and, furthermore, even if Petitioner's argument were properly before the court on collateral review, relief would have to be granted through a motion under 28 U.S.C. § 2255, and Petitioner has not received authorization to file a successive motion.

It is respectfully **RECOMMENDED** that the Petition for a Writ of *Audita Querela* (# 229) be dismissed with prejudice for failure to state a claim upon which relief can be granted, and that this civil action be closed.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Rule 45(c) of the Federal Rules of Criminal Procedure, Petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and to counsel of record.

    May 7, 2010
        Date

Mary E. Stanley
United States Magistrate Judge

13